**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL DAVID INGRAHAM, | No.  2:24-CV-3670-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending before the Court is Defendant's motion to dismiss.  See ECF No. 10.  Plaintiff has filed an opposition.  See ECF No. 19.  Defendant has not filed a reply.

The parties do not dispute the procedural history of this case, which is summarized briefly here.  Plaintiff appeared before an Administrative Law Judge (ALJ) for a hearing on his disability application on April 16, 2021.  See ECF No. 10-2 (ALJ hearing decision).  Plaintiff was represented by attorney Jeffrey L. Milam during proceedings before the agency.  See id.  On August 19, 2024, the ALJ issued a written decision determining that

1

Plaintiff is not disabled within the meaning of the Social Security Act.  See id.  In September 2024, Plaintiff's current counsel, attorney Jacqueline A. Forslund, agreed to accept Plaintiff's case for an action for judicial review of the August 19, 2024, decision.  See ECF No. 19-1 (Forslund declaration).  Plaintiff's complaint in this action was filed on December 21, 2024.  See ECF No. 1.

Defendant argues that this action must be dismissed because Plaintiff's complaint was not filed within 60 days after the August 19, 2024, ALJ decision became final, as required under 42 U.S.C. § 405(g).  See ECF No. 10.  Here, the parties agree that the 60-day time limit expired on December 20, 2024, and that Plaintiff filed his complaint one day late on December 21, 2024.  In his opposition, Plaintiff argues that the time limit for filing his complaint should be equitably tolled due to extraordinary circumstances.  See ECF No. 19.

The 60-day time limit is not jurisdictional and constitutes a statute of limitations on filing an action for judicial review.  See Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987); see also Matlock v. Sullivan, 908 F.2d 492 (9th Cir. 1990).  The deadline for seeking judicial review is subject to equitable tolling.  See Bowen v. City of New York, 476 U.S. 467, 480 (1986).  To be entitled to equitable tolling of the 60-day time limit, the plaintiff must show that he has been diligent in pursuing his rights and that some extraordinary circumstance stood in the way of a timely filing.  See id. at 480-81.

In this case, the record demonstrates, and Defendant does not argue to the contrary, that Plaintiff diligently pursued his rights by seeking representation within a month of the ALJ's unfavorable August 19, 2024, decision.  See ECF No. 19-1 (Forslund declaration). The record also demonstrates that, shortly after accepting Plaintiff's case in September 2024, Plaintiff's counsel, Ms. Forslund, began experiencing various mental and physical health issues which prevented her from filing Plaintiff's complaint by the December 20, 2024, deadline.  See id.  These issues are outlined in Ms. Forslund's declaration, are of a personal nature, and are not detailed here.  The Court has reviewed the issues outlined by Ms. Forslund and finds that they presented an impairment beyond Plaintiff's control to the timely filing of this action.  As such, Plaintiff is entitled to a one-day equitable tolling of the 60-day period to seek judicial review.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    Defendant's motion to dismiss, ECF No. 10, is denied.

2.    Plaintiff's complaint, filed on December 21, 2024, is deemed timely.

3.    Defendant shall file and serve the certified administrative record within 60 days of the date of this order.

4.    Plaintiff's opening brief is due within 30 days after the date of service of the certified administrative record.

5.    Defendant's answering brief is due within 30 days of the date of service of Plaintiff's opening brief.

6.    Plaintiff may file a reply brief within 14 days after the date of service of Defendant's answering brief.

Dated:  January 30, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3